IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00849-CMA-BNB

BONNIE ANDRIKOPOULIS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **United States' Motion to Dismiss** [Doc. #5, filed 07/01/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that this case be dismissed for lack of subject matter jurisdiction.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

On April 13, 2009, the petitioner filed a document entitled Petition to Quash Summons [Doc. #1] (the "Petition"). The petitioner seeks to quash a third party summons (the "Summons") issued to CitiMortgage, Inc. The Summons was issued by Sharon Ryan, a Revenue Agent for the Internal Revenue Service ("IRS"), in furtherance of an examination she is conducting regarding the petitioner. *Motion*, Declaration of IRS Revenue Agent Sharon Ryan in Support of United States' Motion to Dismiss, ¶¶ 3-4.

The petitioner asserts that the Summons must be quashed because (1) she is not subject to the Internal Revenue Code and the IRS does not have "jurisdiction or authority" over her because she does not fall into any category enumerated in 26 U.S.C. § 3401 ("an officer, employee, or elected official of the United States..."), and (2) pursuant to 26 U.S.C. § 6702 "the IRS may only concern itself with tax calculations, which are only always related to that group of persons which [she is] not a part of." *Petition*, p. 2. The respondent moves to dismiss the Petition for lack of subject matter jurisdiction on the basis that the petitioner did not timely file

the Petition, and she did not file it in the proper district as required by 26 U.S.C. § 7609(b)(2)(A) and (h).[1]

The respondent presents a factual challenge to subject matter jurisdiction. Therefore, I do not presume the truthfulness of the Complaint's factual allegations, and I may consider affidavits and other documents to resolve disputed jurisdictional facts. Holt, 46 F.3d at 1003. In addition, determination of the jurisdictional issue does not touch on the merits of the case. Therefore, I analyze the issue under the standards applicable to Rule12(b)(1) rather than the Rule 56 summary judgment standards. Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000).

## II. ANALYSIS

The respondent moves to dismiss the Petition on the basis that sovereign immunity is waived in a proceeding to quash a third party summons only if the petition to quash is timely filed. It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Sovereign immunity is a jurisdictional bar to suit. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

"A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). A matter must be dismissed "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3). The petitioner has the burden to prove jurisdiction in the face of a challenge under Rule 12(b)(1), Fed. R. Civ. P. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

---

[1] The respondents also seek dismissal based on lack of proper service.

Section 7609(b)(2)(A), 26 U.S.C., provides that "[n]otwithstanding any other law or rule of law, any person who is entitled to notice of a summons . . . shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given . . . ." The person identified in the summons' description of the records is entitled to notice. Id. at § 7609(a)(1). In most cases, as here, this person is the taxpayer subject to an income tax investigation. Notice is sufficient if it is personally served upon or mailed by certified mail to the last known address of the taxpayer. Id. at § 7609(b)(2). "[A] taxpayer's motion to quash an IRS third party summons must be filed within twenty days from the date notice is sent or personally served to avoid dismissal by a district court." Faber v. United States, 921 F.2d 1118, 1120 (10th Cir. 1990).

In accordance with 26 U.S.C. §§ 7602 and 7603, on March 6, 2009, Agent Ryan issued and served an administrative third-party summons on CitiMortgage, Inc., seeking records and documents relating to the petitioners' income for the 2005 tax year. *Motion*, Declaration of IRS Revenue Agent Sharon Ryan in Support of United States' Motion to Dismiss, ¶¶ 4-5 and Ex. A. In accordance with 26 U.S.C. § 7609, Agent Ryan sent notice of the summons to the petitioner's last known address on March 6, 2009, via certified mail. Id. at ¶ 6 and Ex. B.

The petitioner does not dispute that notice of the summons was sent to her on March 6, 2009. *Response to United States Motion to Dismiss* [Doc. #15] (the "Response"). Accordingly, she had until March 26, 2009, to file a petition to quash the summons. She did not file her Petition until April 13, 2009. Therefore, the Petition is untimely, and the court lacks subject matter jurisdiction.[2]

---

[2] Because I find that the court lacks subject matter jurisdiction over the Petition due to its untimely filing, I do not address the respondents' other arguments.

### III.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that this case be dismissed for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 1, 2010.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge